UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                    Case No.  05-11576-DPW

PARTNERS HEALTHCARE
SYSTEM, INC.,

        Defendant.
_____/

## JOINT REPORT OF PARTIES AND PROPOSED SCHEDULING OF DISCOVERY

Pursuant to FRCP 26(f) and Local Rule 16.1, an initial meeting of the parties was held by telephone with Attorneys Kliefoth and Lyons participating.  During the course of that meeting the issues in this case were discussed.  Those issues are:  (1) whether the monies paid to certain medical residents enrolled in residency programs at hospitals within the defendant corporate umbrella organization are exempt from the social security tax system under the student exception found in Internal Revenue Code ( "IRC")  section 3121(b)(10); and (2) whether such monies are exempt from the social security tax because they qualify as scholarships under IRC Section 117.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

    1.        The parties agree to waive the initial disclosures required by FRCP 26(a).

    2.        <u>Plaintiff's Discovery Proposal</u>:  Pursuant to FRCP 26(f)(2) and Local Rule 16.1(d)(1)(B), the United States requests that discovery be done in two phases.  There are two legal issue in this case.  The first legal issue is whether the student exception in IRC §3121(b)(10) applies to medical residents.  One court has held that, as a matter of law, it does

2

not. U.S. v. Mount Sinai, 353 F. Supp. 2d 1217, 1219 (S.D. Fla. 2005). The second issue is whether the wages paid to the residents are exempt under IRC § 3121(a)(20) because they are scholarships under IRC §117 and thus not subject to the social security tax. The United States believes that the factual development necessary to file a motion for summary judgment with respect to these two issues will require relatively little discovery and certainly will not require the retention of experts. If the Court finds that the United States is incorrect in its position that, as a matter of law, the student exception does not apply to medical residents and the payments to the residents are not scholarships, then the second phase of discovery directed at preparation for trial could begin. This additional discovery needed to develop the student exception and the scholarship issues will be extensive, requiring much written discovery, the collection of voluminous documents, including complex financial data, the taking of numerous depositions of personnel involved in the residency program, including residents who may be scattered all over the United States, and the retaining of one or more experts, all of which will be directed at determining how the residency programs functioned, both organizationally and financially. The United States thus believes that in order to possibly save the resources of this Court and the parties involved, it would be both prudent and practical to limit the first phase of discovery solely to a development of the relatively few facts needed to brief the legal issues. The United States believes that all of this discovery could be completed in six (6) months and that its motion for summary judgment relating to the two legal issues filed within thirty (30) days thereafter. If the motion is granted, that would be the end of the case. If the motion is denied, then an agreeable schedule could be worked out between the parties and the court to complete the

3

discovery necessary to develop the facts relating to the student exception and scholarship issues, taking into account the discovery that had been previously taken.

The only possible downside to phasing the discovery is that it may, if the United States motion for summary judgment is denied, slightly prolong the proceedings. The United States believes that this downside risk to phased discovery is far outweighed by the upside to this phased approach in that if the United States motion is granted, many thousands of dollars in wasted discovery, including possible expert witness fees, would be avoided by both parties. In addition, if the motion is not granted, some of the necessary discovery will have already been completed, thus reducing any delay in completing the rest of the needed discovery.

In the defendant's discovery proposal, it sets forth its reasons why it believes the discovery in this case should not be phased. We disagree with several of those reasons. For example, it suggests that the legal and factual issues are intertwined and thus the discovery should not be phased. We respectfully disagree. The main legal issue in this case is whether medical interns and residents are students within the meaning of IRC §3121(b)(10). As the court in the <u>Mount Sinai</u> case found, based on the legislative history of the statute, medical residents and interns are not students and therefore as a matter of law are not exempt under the student exception. Thus it is the legislative history of the statute, not a factual inquiry of the defendant's residency program, that forms the basis of our legal argument on this issue. Only a minimal amount of background information concerning the defendant's residency program is needed to make this argument. A detailed examination of the nature of the resident's activities may be

4

necessary, but not in connection with a resolution of the student exception legal issue. As to the scholarship issue, even less discovery is needed.

The defendant suggests that time is of the essence in capturing the recollections of the residents that will have to be deposed and that waiting for seven months will somehow cause their memories to fade. The defendant also suggests that by waiting, the residents in issue may be geographically dispersed. As to the loss of the residents' memory, it is highly unlikely a delay of seven months would alter their memories and in addition, none of the residents' depositions will have to be taken if the United States' legal position on the student exception is correct. As to the dispersal of the residents, because most of the residency programs only last for three to five years and the years in issue are 2001-2003, many of the residents in issue have already left the defendant's residency program.

Finally, we do not share the defendant's concern that phased discovery would necessarily require the intervention of the court because it is difficult to tell what discovery would be needed in the first phase. The United States has litigated, or is in the process of litigating, several of these medical residents cases and it has developed a discovery plan that can, in a noncontroversial way, elicit the information necessary to file its motion for summary judgment. In addition, this suggestion assumes that the parties can not resolve their differences without the intervention of the court. Since counsel for both parties have been involved in similar medical residents cases, there is no reason to believe that such intervention will be required.

<u>Defendant's Discovery Proposal</u>: Partners Healthcare System, Inc. ( "Partners") strongly suggests that discovery on the factual and legal issues proceed at the same time and not

5

be phased.  As such, Partners proposes that fact discovery in this action be completed on or before the 26th day of September, 2006; expert discovery be completed on or before the 26th day of December, 2006; and all discovery and/or dispositive motions be made on or before the 26th day of January, 2007.

Bifurcation would not be practical because the factual and legal issues in this case are intertwined and cannot be examined in a vacuum.  The student exception to the FICA tax applies to students performing services in the employ of a school, college or university while enrolled and regularly attending classes at such school, college or university.  See 26 USC §3121(b)(10).  To apply this standard in this case requires a factual examination of the nature of the activities undertaken by medical residents enrolled in the residency programs Partners hospitals.  Many residency programs require residents to attend lectures and take written exams, which are given letter grades.  Further, monies paid to residents are often in the form of a stipend and bear no relation to the number of hours worked.  Indeed, the U.S. District Court for the District of Minnesota and the U.S. Court of Appeals for the Eighth Circuit have both held that certain medical residents were entitled to the  student exception to  FICA taxation.  See Minnesota v. Apfel, 151 F.3d 742 (8th Cir. 1998); United States v. Mayo Found. for Med. Educ. and Research, 282 F. Supp.2d 997, 1006 (D. Minn. 2003).  Whether medical residents at Partners hospitals should also be entitled to the student exception can only be determined with factual discovery.

As outlined above by Plaintiff, discovery in this case will be time consuming.  To delay the start of it by more than seven months, as proposed by Plaintiff, would prejudice Partners.

6

Because it will be necessary to take the depositions of numerous medical residents and hospital employees, time is of the essence in capturing witness recollections in deposition before their memories fade and/or they graduate from the residency program and disperse geographically. Under Plaintiff's proposal, such discovery would not commence until after the Court rules on Plaintiff's motion for summary judgment which would not be due until the end of April 2006.

Further, Plaintiff's proposal that only limited discovery take place in the first phase to allow briefing on the legal issues is unworkable. Determining what discovery should take place would unnecessarily complicate this action and would in all likelihood require the assistance of the Court.

3. <u>Plaintiff's Expert Discovery Proposal</u>: If the United States' phased discovery approach is accepted by the Court, and the Court denies its motion for summary judgment, then the schedule for the disclosure of expert witnesses shall be proposed by the parties for approval by the court. The United States suggests that the timing of such disclosures by both parties be in accordance with the 90 day rule set forth in FRCP 26(a)(2)(C) with the understanding that the list of expert witnesses and their reports will be due 90 days before the conclusion of discovery.

<u>Defendant's Expert Discovery Proposal</u>: Partners proposes that expert discovery shall be concluded by December 26, 2006, which is 90 days after the close of fact discovery, pursuant to FRCP 26(a)(2)(C) with the understanding that the list of expert witnesses and their reports will be due 90 days before the conclusion of discovery.

4. There shall be no limitation on the number of interrogatories and the number and length of depositions.

7

5.  The United States has not submitted a settlement proposal to the defendant pursuant to Local Rule 16.1(C) because this case is one of several test cases, involving, collectively, several billion dollars, that are being filed nationwide that involve the issue of whether or not the wages paid to medical residents are covered by the student exception to the social security tax pursuant to IRC §3121(b)(10).

By their attorneys:

| For Partners Healthcare System, Inc.: | For the United States: |
|---|---|
| /s/ christopher kliefoth<br>CHRISTOPHER KLIEFOTH<br>McDermott Will & Emery LLP<br>600 13th St. N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 756-8310<br>E-Mail: ckliefoth@mwe.com | /s/stephen t.lyons<br>STEPHEN T. LYONS<br>ELIZABETH LAN DAVIS<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br>Post Office Box 55<br>Washington, D.C. 20044<br>Telephone: (202) 307-6546 (Lyons)<br> (202) 307-6550 (Davis)<br>E-Mail: Elizabeth.Lan@usdoj.gov<br>   stephen.t.lyons@usdoj.gov |

Dated: September 19, 2005