# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Christopher Kliefoth
Attorney at Law
ckliefoth@mwe.com
202.756.8310

July 14, 2006

**VIA FEDERAL EXPRESS DELIVERY**

The Honorable Douglas P. Woodlock
United States District Court Judge
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA   02210

> Re:   *United States v. Partners Healthcare System, Inc.*, No. 05-11576-DPW
>        (U.S.D.C. D. Mass)

Dear Judge Woodlock:

I write to advise the Court of a recent decision by the Southern District of Ohio denying summary judgment for the government in a FICA refund case with similar facts to the above-noted case now pending before you. Thus, I have enclosed for your Honor's consideration Judge Beckwith's July 13, 2006 order in *United States v. University Hospital, Inc.* (No. 1:05-cv-445).

Judge Beckwith states therein that a "detailed order" setting forth her reasoning behind the denial of the government's summary judgment motion "will be issued in due course." July 13, 2006 Order at 3. Once that order becomes available, I will forward a copy for the Court's reference.

Sincerely,

Christopher Kliefoth

cc:    Stephen T. Lyons, Esq. (Trial Counsel, U.S. Department of Justice)

Enclosure

WDC99 1257108-2.057158.0039

U.S. practice conducted through McDermott Will & Emery LLP.
600 Thirteenth Street, N.W. Washington, D.C. 20005-3096   Telephone: 202.756.8000   Facsimile: 202.756.8087   www.mwe.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05-CV-445 |
| | ) |
| vs. | ) |
| | ) |
| University Hospital, Inc., | ) |
| | ) |
| Defendant. | ) |

O R D E R

On June 29, 2005, Plaintiff United States of America filed an action against Defendant University Hospital, Inc. ("UHI") pursuant to 26 U.S.C. § 7405(b) to recover erroneously refunded Federal Insurance Contribution Act ("FICA") taxes on stipends paid by UHI to medical residents for the 1999 and 2000 tax years. UHI originally secured the refunds on the grounds that the stipends were not includable as gross income because they were scholarships within the meaning of 26 U.S.C. § 117(c). Alternatively, UHI claimed that to the extent the stipends were wages under FICA, they were excludable pursuant to the student exception of 26 § U.S.C. 3121(b)(10) because the stipends were paid for service performed in the service of a school, college, or university by students enrolled and regularly attending classes at such school, college, or university. UHI filed an answer and counterclaim on August 9, 2005. Doc No. 7. UHI's counterclaim seeks a refund of FICA taxes for the 1997, 1999,

1

2000, 2001, 2002 and 2003 tax years and a refund of FICA taxes paid through February 24, 2004.

The original calendar order established by Magistrate Judge Black established a discovery deadline of April 1, 2007 and a dispositive motions deadline of May 1, 2007. See Doc. No. 14. On March 29, 2006, the United States filed a motion for summary judgment against UHI. In its motion, the United States argues that the legislative history of 26 U.S.C. § 117 and 26 U.S.C. § 3121 conclusively demonstrates that Congress did not intend for stipends paid to medical residents to be excluded from FICA coverage. In other words, the United States argues that, as a matter of law, such stipends are always subject to taxation under FICA. In opposition, UHI contends that the United States' position that these stipends are per se covered by FICA is not supported by the text of the statutes or their respective legislative histories. UHI argues that whether the stipends paid to medical residents qualify as scholarships, or whether the stipends qualify under the student exception, depends on the facts and circumstances of each case.

On April 7, 2006, while the briefing of the motion for summary judgment was ongoing, the United States filed a motion to compel UHI to produce documents and answer interrogatories. Doc. No. 18. Briefing on the motion to compel was completed shortly after the briefing on the motion for summary judgment. On June

14, 2006, the Court entered an order (Doc. No. 28) staying discovery and holding in abeyance Plaintiff's motion to compel because resolution of the motion for summary judgment in Plaintiff's favor would moot the motion to compel.

The Court has completed reviewing the pleadings relevant to the motion for summary judgement and has concluded that Plaintiff's position that stipends paid to medical residents cannot, as a matter of law, ever be considered scholarships, and that they can never qualify for the student exception, is not well-taken. Rather, the Court agrees with UHI that whether the stipends can be considered scholarships, or whether they qualify for the student exception, depends on the facts and circumstances of each case.

The Court, however, does not want to delay discovery and resolution of the motion to compel while a substantive order is being drafted. A detailed order setting forth the Court's reasoning for its conclusions will be issued in due course. Accordingly, the stay on discovery is lifted. The motion to compel is referred to the Magistrate Judge for further proceedings consistent with this order.

**IT IS SO ORDERED**

Date July 13, 2006        s/Sandra S. Beckwith
                          Sandra S. Beckwith, Chief Judge
                          United States District Court