# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Mark H. Churchill
Attorney at Law
mchurchill@mwe.com
202.756.8058

September 12, 2006

<u>VIA ECF & FEDERAL EXPRESS DELIVERY</u>

The Honorable Douglas P. Woodlock
United States District Court Judge
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA   02210

      Re:   *United States v. Partners Healthcare System, Inc.*, No. 05-11576-DPW
            (U.S.D.C. D. Mass)

Dear Judge Woodlock:

As counsel to the defendant in the above-noted case, I write to advise the Court of another recent
federal court decision denying summary judgment for the government in a FICA refund suit.
Please find enclosed the August 17, 2006 opinion of Judge Schreier in *Center for Family
Medicine, et al. v. United States* (now pending in the United States District Court for the District
of South Dakota).  This latest federal district court ruling once again dispatches of the United
States' argument that "medical residents never qualify for the 'student exception.'"  *See* Aug. 17,
2006 Order at 6-7.

Of particular note in her opinion, Judge Schreier rejected the United States' argument, which was
premised on the holding in *United States v. Mount Sinai Medical Center of Florida, Inc.*, 353 F.
Supp. 2d 1217 (S.D. Fla. 2005), that a case-by-case examination of the "student exception" to
FICA was not binding on the South Dakota federal district court because it was *dicta* in
*Minnesota v. Apfel*, 151 F.3d 742, 748 (8th Cir. 1998).  *See* Aug. 17, 2006 Order at 6-9.  Judge
Schreier found instead that the holding in *Apfel* constituted a binding alternative holding and,
accordingly, was not *dicta*.  *See* Aug. 17, 2006 Order at 9.

Sincerely,

*Mark H. Cle*

Mark H. Churchill

cc:     Stephen T. Lyons, Esq. (Trial Counsel, U.S. Department of Justice – via ECF)

Enclosure

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CENTER FOR FAMILY MEDICINE, a South Dakota Corporation, and the UNIVERSITY OF SOUTH DAKOTA SCHOOL OF MEDICINE RESIDENCY CORPORATION, a South Dakota Corporation, | ) ) ) ) ) ) ) | Civ. 05-4049-KES ORDER DENYING UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| UNITED STATES OF AMERICA | ) ) | |
| Defendant. | ) | |

Plaintiffs, Center for Family Medicine and University of South Dakota School of Medicine Residency Program (collectively referred to as plaintiffs) filed a complaint seeking a refund of FICA[1] taxes. Defendant, United States of America, moves for summary judgment. Plaintiffs oppose the motion. For the reasons discussed below, the court denies United States' motion for summary judgment.

**BACKGROUND**

Plaintiffs operate accredited medical residency programs. (Docket 31-1, at ¶2). A medical resident has received his or her medical degree and is obtaining further medical training. (Docket 29, at ¶ 3). Plaintiffs provide their

---

[1] FICA taxes refer to taxes collected pursuant to the Federal Insurance Contributions Act.

residents stipends as well as additional benefits.  (Docket 31-1, at ¶¶ 5, 8;

Docket 24-1, at 22; Docket 29).  Plaintiffs have withheld FICA contributions

from the stipends paid to their residents.  (Docket 31-1, at ¶ 12; Docket 24-1,

at ¶ 36; Docket 29).  Plaintiffs filed a complaint seeking a refund of the FICA

taxes paid on the stipends given to their residents for the taxable years ending

December 31, 1995, through December 31, 2003.  (Docket 1).

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that

summary judgment "shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits,

if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.

Only disputes over facts that might affect the outcome of the case under the

governing substantive law will properly preclude summary judgment.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.

2d 202 (1986).  Summary judgment is not appropriate if a dispute about a

material fact is genuine, that is, if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party.  Id.

The moving party bears the burden of bringing forward sufficient

evidence to establish that there are no genuine issues of material fact and

that the movant is entitled to judgment as a matter of law.  Celotex Corp. v.

2

<u>Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record.  <u>Vette Co. v. Aetna Cas. & Sur. Co.</u>, 612 F.2d 1076, 1077 (8th Cir. 1980).  The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists.  <u>Forrest v. Kraft Foods, Inc.</u>, 285 F.3d 688, 691 (8th Cir. 2002).

## DISCUSSION

Plaintiffs seek refund of the FICA taxes paid on the stipends that plaintiffs provided their medical residents during their residency program. Plaintiffs allege that these stipends fit within the "student exception," and thus, are not subject to FICA taxes.  United States responds by arguing that, as a matter of law, medical residents can never fit within the "student exception."

To support the social security system, the United States collects FICA taxes on "wages" that a person earns as a result of "employment."  26 U.S.C. § 3101; <u>see also</u> <u>United States v. Mayo Found. for Med. Educ. & Research</u>, 282 F. Supp. 2d 997, 999 (D. Minn. 2003).  Section 3121(b) defines employment for FICA tax purposes.  Section 3121(b) also includes several statutory exceptions for services that do not qualify as employment, and thus

3

are not subject to FICA taxes.   As pertinent here, section 3121(b)(10) contains

a "student exception," which states:

> service performed in the employ of--
>
> (A) a school, college, or university, or
>
> (B) an organization described in section 509(a)(3) if the
> organization is organized, and at all times thereafter is operated,
> exclusively for the benefit of, to perform the functions of, or to
> carry out the purposes of a school, college, or university and is
> operated, supervised, or controlled by or in connection with such
> school, college, or university, unless it is a school, college, or
> university of a State or a political subdivision thereof and the
> services performed in its employ by a student referred to in
> section 218(c)(5) of the Social Security Act are covered under the
> agreement between the Commissioner of Social Security and such
> State entered into pursuant to section 218 of such Act;
>
> if such service is performed by a student who is enrolled and
> regularly attending classes at such school, college, or university;

26 U.S.C. § 3121(b)(10).  If the student exception applies, then wages earned

by the student are not subject to FICA taxes.  See Mayo Found., 282 F. Supp.

2d at 1010.

United States argues that plaintiffs' medical residents do not qualify for

the "student exception" as a matter of law.  United States relies on United

States v. Mount Sinai Medical Center of Florida, Inc., 353 F. Supp. 2d 1217

(S.D. Fla. 2005), as well as the amendment history of § 3121 to argue that

Congress intended to subject all earnings of medical residents to FICA taxes.

Based thereon, United States seeks a bright line rule stating that medical

residents never qualify for the "student exception."  The court finds, however,

that the law in the Eighth Circuit prohibits such a bright line rule.  See
Minnesota v. Apfel, 151 F.3d 742, 748 (8th Cir. 1998); see also Mayo Found.,
282 F. Supp. 2d at 1006-07.

In Minnesota v. Apfel, the state of Minnesota filed suit against the
Commissioner of Social Security (Commissioner) seeking a redetermination of
the amount of FICA taxes that Minnesota owed as a result of the stipends
paid to medical residents enrolled in the University of Minnesota's medical
residency program.  Based on two alternative holdings, the trial court held
that the medical residents' stipends were exempt from FICA taxes.  The Court
of Appeals for the Eighth Circuit affirmed on both bases.

Explanation of the first holding requires a little background.  Initially,
employees of state governments were excluded from coverage from the Social
Security Act and their wages were not subject to FICA taxes.  Id. at 744.  In
1950, however, Congress enacted legislation permitting states to voluntarily
subject their employees to the social security system by executing an
agreement with the Commissioner.  Id.; see also 42 U.S.C. § 418(a)(1).  States
were only required to collect FICA taxes on the wages of, and social security
benefits were only provided for, employees covered by the § 418 agreements.

Minnesota argued that medical residents were not "employees" covered
by its § 418 agreement with the Commissioner.  The trial court held that the
§ 418 agreement was contractual in nature, and thus, had to be interpreted to

5

give effect to the parties' intent. The Eighth Circuit agreed and held that the parties did not intend for the term "employees" to include medical residents. See Apfel, 151 F.3d at 747. Thus, the Eighth Circuit held that Minnesota did not owe FICA taxes on the stipends paid to medical residents engaged in the University of Minnesota's residency program.

In an alternative holding, the trial court held that even if medical residents qualified as "employees," they were explicitly excluded from coverage based upon an exclusion for work performed by a "student." The Eighth Circuit also affirmed this alternative holding. It is this holding that is pertinent to the case here.

Minnesota's § 418 agreement explicitly excluded services performed by a student. Section 418(c)(5) permits states to exclude services performed by students from their § 418 agreements. Student services are only excludable, however, if the services qualify for the "student exception" contained in 42 U.S.C. § 410(a)(10). See 42 U.S.C. § 418(c)(5). Thus, the Eighth Circuit had to interpret the "student exception" contained in 42 U.S.C. § 410(a)(10) in order to determine whether medical residents fit within the student services exclusion in Minnesota's § 418 agreement.

The Commissioner sought the adoption of a bright line rule holding that medical residents never qualify as students. The Eighth Circuit disagreed. The Eighth Circuit noted that regulations implementing the student exception

state: "'Whether you are a student for purposes of this section depends on your relationship with your employer.  If your main purpose is pursuing a course of study rather than earning a livelihood, we consider you to be a student and your work is not considered employment.'" Apfel, 151 F.3d at 747 (quoting 20 C.F.R. § 404.1028(c)).  Based on this regulation, the court held that determining whether someone, including a medical resident, qualifies as a "student" requires a "case-by-case examination to determine if an individual's relationship with a school is primarily for educational purposes or primarily to earn a living." Id. at 748.

The Eighth Circuit's decision in Apfel prohibits adoption of United States' argument that medical residents never qualify for the "student exception" contained in 26 U.S.C. § 3121(b)(10)[2] because this court is bound by the Eighth Circuit precedent.  This conclusion is further supported by Mayo Found., 282 F. Supp. 2d 997.  In Mayo Foundation, the United States filed an action seeking to recover past-due FICA taxes from a private, medical

---

[2] Although Apfel involved 42 U.S.C. § 410(a)(10), the Eighth Circuit's interpretation applies to the "student exception" contained in 28 U.S.C. § 3121(b)(10) as well.  Section 410(a)(10)'s "student exception" uses identical statutory language as the "student exception" in 26 U.S.C. § 3121(b)(10). Compare 42 U.S.C. § 410(a)(10), with 26 U.S.C. § 3121(b)(10).  Additionally, courts interpret the statutory exclusions in 42 U.S.C. § 410(a), which defines employment for the benefit side of the social security system, identically to the statutory exclusions in 26 U.S.C. § 3121(b), which defines employment for the taxing side of the social security system.  See Amidon v. Flemming, 285 F.2d 718, 720 n.4 (1st Cir. 1960).

school.  In that case, United States argued that stipends previously paid to medical residents were subject to FICA taxes.  The medical school argued that the medical residents were students within the "student exception" contained in 26 U.S.C. § 3121.

Based on the same amendment history argument offered here, the United States in <u>Mayo Found.</u> argued that medical residents, as a matter of law, never qualify for the "student exception."  The district court for the District of Minnesota disagreed.  Relying on the Eighth Circuit's decision in <u>Apfel</u>, the district court held that "determining whether medical residents are exempt as 'students' from paying FICA contributions must be done through a case-by-case examination of the residents' relationship with their schools." <u>Mayo Found.</u> at 1007.

This court adopts the rationale in <u>Mayo Found.</u> and rejects United States' argument for a bright line rule stating that medical residents can never qualify for the "student exception."  <u>Mayo Found.</u> is factually and analytically identical to this case.  In addition, the court agrees with the district court for District of Minnesota's interpretation of the Eighth Circuit's ruling in <u>Apfel</u>. Accordingly, the court finds that the determination of  whether plaintiffs' medical residents are "students" requires a case-by-case inquiry into the relationship between plaintiffs and their medical residents.

United States argues that the court should not follow the case-by-case approach required by Apfel because the Eighth Circuit's interpretation of the "student exception" was dictum.  Relying on Mount Sinai Medical Center of Florida, Inc., 353 F. Supp. 2d 1217, United States argues that this alternative holding was dictum because the Eighth Circuit could have disposed of the case without reaching this issue.  The court disagrees and finds that the Eighth Circuit's interpretation of the "student exception" was a binding, alternative holding.  See Brazzell v. United States, 788 F.2d 1352, 1357 n.4 (8th Cir. 1986) (stating that a binding, alternative holding is not dicta).  The Eighth Circuit in Apfel held that there were two independent bases for finding that the medical residents enrolled in the residency program at the University of Minnesota were not subject to FICA tax.  The court did not choose one argument over the other or suggest that the court should have considered one argument before reaching the other.  And the Eighth Circuit's interpretation of the "student exception" is no more dictum than the Eighth Circuit's holding that the residents were not "employees" covered by the § 418 agreement.  See Sutton v. Addressograph-Multigraph Corp., 627 F.2d 115, 117 (8th Cir. 1980) ("When two independent reasons support a decision, neither can be considered obiter dictum, each represents a valid holding of the court.").

In sum, the court finds that the law of the Eighth Circuit requires a case-by-case determination of whether a medical resident qualifies for the

9

"student exception," and thus, is exempt from the collection of FICA taxes. Based thereon, the court rejects United States' argument that medical residents are never students as a matter of law.  To determine whether plaintiffs' medical residents in fact qualify for the "student exception," a factual inquiry into the relationship between plaintiffs and their medical residents is required.

Based on the foregoing, it is hereby

ORDERED that United States' motion (Docket 21) for summary judgment is denied.

Dated August 17, 2006.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE