## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      Case No.  05-11576-DPW

PARTNERS HEALTHCARE
SYSTEM, INC.,

      Defendant.

_____/

### DEFENDANT PARTNERS HEALTHCARE SYSTEM, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Partners Healthcare System, Inc. notifies this Court of the recent opinion of the United States Court of Appeals for the Eleventh Circuit in *United States v. Mount Sinai Medical Center*, No. 06-11693, decided May 18, 2007, that bears on the issue of this case. A copy of the opinion is attached to this notice.

Dated: May 21, 2007                      Respectfully submitted,

/s/  Mark H. Churchill
BENJAMIN A. GOLDBERGER (No. 654357)
JOSEPH H. SELBY (No. 643275, *pro hac vice*)
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109
Telephone: (617) 535-4000/Facsimile:  (617) 535-3800
E-Mail: bgoldberger@mwe.com
       jselby@mwe.com

CHRISTOPHER KLIEFOTH *(pro hac vice)*
MARK H. CHURCHILL (No. 652578, *pro hac vice*)
ERIC S. JOHNSON *(pro hac vice)*
SARAH E. HANCUR *(pro hac vice)*
McDermott Will & Emery LLP
600 13th Street, N.W.

                    Washington, DC  20005
                    Telephone: (202) 756-8000/Facsimile:  (202) 756-8087
                    E-Mail: ckliefoth@mwe.com
                            mchurchill@mwe.com
                            ejohnson@mwe.com
                            shancur@mwe.com

*Attorneys for Partners Healthcare System, Inc.*

Case 1:05-cv-11576-DPW    Document 39    Filed 05/21/2007    Page 2 of 3

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system on May 21, 2007, will be served electronically on the registered participants as identified on the Notice of Electronic Filing.

                        /s/__Mark H. Churchill_____
                        Mark H. Churchill

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11693

_____

| FILED |
|---|
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| MAY 18, 2007 |
| THOMAS K. KAHN |
| CLERK |

D. C. Docket No. 02-22715-CV-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOUNT SINAI MEDICAL CENTER
OF FLORIDA, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 18, 2007)**

Before BIRCH and PRYOR, Circuit Judges, and COVINGTON,[*] District Judge.

BIRCH, Circuit Judge:

---

[*] Honorable Virginia M. Hernandez Covington, United States District Judge for the Middle District of Florida, sitting by designation.

The issue presented in this case is a question of first impression for this Circuit: are medical residents eligible to assert the "student exemption" from Federal Insurance Contributions Act ("FICA") taxation found in 26 U.S.C. § 3121(b)(10)? We hold that the services performed by medical residents are not categorically ineligible for the student exemption from FICA taxation. As a result, we VACATE the summary judgment and REMAND for further proceedings consistent with this opinion.

## I. BACKGROUND

On 18 September 2002, Plaintiff/Appellee United States of America filed a one-count complaint against Defendant/Appellant Mount Sinai Medical Center of Florida, Inc. ("Mount Sinai") alleging that the Internal Revenue Service ("IRS") had issued an erroneous refund to Mount Sinai in the amount of $2,450,177.32. The refund had been for FICA taxes paid and withheld by Mount Sinai for payments made to medical residents participating in Mount Sinai's Graduate Medical Education Program ("GMEP") for the tax years 1996 through 1999. The IRS had refunded these taxes to Mount Sinai in 2000 and 2001 and had included amounts attributable to both the employer and employee portions of FICA taxes.

In response to the government's complaint, Mount Sinai answered that the taxes were properly refunded pursuant to the student exemption, which exempts

from FICA taxation "service[s] performed in the employ of . . . a school, college, or university . . . if such service is performed by a student who is enrolled and regularly attending classes at such school, college, or university." 26 U.S.C. § 3121(b)(10). The government moved for summary judgment, contending that, as a matter of law, medical residents are never eligible to claim the student exemption.

The district court found, as a matter of law, that the student exemption to FICA does not include medical residents, and, therefore, the Mount Sinai medical residents' remunerations were subject to FICA taxation. Accordingly, it granted the government's motion for summary judgment. This appeal followed.

## II.  STANDARD OF REVIEW

We review an order of summary judgment de novo. See Morrison Rests., Inc. v. United States, 118 F.3d 1526, 1528 (11th Cir. 1997) (citation omitted).

## III.  DISCUSSION

The sole issue on appeal is whether the district court erred in ruling that medical residents enrolled in Mount Sinai's GMEP are ineligible, as a matter of law, to assert the student exemption to FICA taxation found in 26 U.S.C. § 3121(b)(10).

FICA imposes a tax on wages that employers pay their employees for the purpose of funding the Social Security Trust Fund. See 26 U.S.C. §§ 3101(a)-(b),

3111(a)-(b); see also McDonald v. S. Farm Bureau Life Ins. Co., 291 F.3d 718, 721 (11th Cir. 2002) (describing the FICA tax generally); United States v. Mayo Found. for Med. Educ. & Research, 282 F. Supp. 2d 997, 999-1000 (D. Minn. 2003) (same). There are, however, numerous relationships that are exempted from FICA taxation by statutory exceptions to the definition of "employment." 26 U.S.C. § 3121(b). Section 3121(b) lists a number of forms of service that are not "employment" within the meaning of the statute. The student exemption at issue provides that "the term 'employment' . . . shall not include . . . service[s] performed in the employ of . . . a school, college, or university . . . if such service is performed by a student who is enrolled and regularly attending classes at such school, college, or university[.]" 26 U.S.C. § 3121(b)(10). The applicable regulations provide that an employee whose services are "incident to and for the purpose of pursuing a course of study" has the status of a student. 26 C.F.R. § 31-3121(b)(10)-2(d). The regulations also state that "the amount of remuneration for services performed by the employee in the calendar quarter, the type of services performed by the employee, and the place where the services are performed are not material." 26 C.F.R. § 31-3121(b)(10)-2(b).

Congress has amended 26 U.S.C. § 3121 numerous times and there is a substantial amount of legislative history, dating back to 1939. In reviewing the

legislative history, the district court found that Congress imposed mandatory FICA taxation on all medical residents when it repealed the statutory exclusion for medical interns under the "intern exemption," formerly found in § 3121(b)(13). See United States v. Mount Sinai Med. Ctr. of Fla., Inc., 353 F. Supp. 2d 1217, 1223-27 (S.D. Fla. 2005).[2] Specifically, the district court found that medical residents have always been covered by the Social Security Act, id. at 1224-28, and that Mount Sinai's position violated the rules of statutory construction. Id. at 1228-29. The district court relied on the Sixth Circuit's refusal to expand the intern exemption to residents in St. Luke's Hospital Association of Cleveland v. United States, 333 F.2d 157 (6th Cir. 1964), as well as Congress's ensuing repeal of the intern exemption. The district court declined to follow Minnesota v. Apfel, 151 F.3d 742 (8th Cir. 1998), and United States v. Mayo Foundation, 282 F. Supp. 2d 997, two cases wherein courts had concluded that the residents qualified as students. Mount Sinai, 353 F. Supp. 2d 1229.

On appeal, Mount Sinai asserts that we should not consider legislative history because the student exemption is unambiguous. Alternatively, Mount Sinai posits that even if the student exemption is ambiguous, the district court failed to consider the complete legislative history in deriving congressional intent.

---

[2] The intern exemption provided an exemption for "service performed as an intern[] in the employ of a hospital . . . ." § 3121(b)(13) (repealed 1965).

5

Specifically, Mount Sinai contends that although the intern exemption was eliminated, medical residents were permitted to assert other exemptions and that reversing the district court would not render the original intern exemption superfluous. Moreover, Mount Sinai argues that the district court's ruling was contrary to the government's regulations and guidance. Consequently, Mount Sinai seeks a reversal of the district court's ruling and a remand for a factual inquiry into whether Mount Sinai's residents qualify for the student exemption. In response, the government argues that the student exemption cannot, as a matter of law, apply to medical residents. Its arguments are largely based on the legislative history, structure, and intent of the student exemption, the intern exemption, and related provisions of the Internal Revenue Code.

We agree with Mount Sinai that the district court improperly relied on legislative history without first determining whether the language of the statute was ambiguous. See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S. Ct. 2051, 2056 (1980) ("[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."). Moreover, we hold that the statutory language of 26 U.S.C. § 3121(b)(10) is not ambiguous. See United States v. Veal, 153 F.3d 1233, 1245

(11th Cir. 1999) ("Review of legislative history is unnecessary unless a statute is inescapably ambiguous.") (citations and internal quotation omitted).

By its plain terms, the student exemption does not limit the types of services that qualify for the exemption. Whether a medical resident is a "student" and whether he is employed by a "school, college, or university" are separate factual inquiries that depend on the nature of the residency program in which the medical residents participate and the status of the employer. Though tax exemptions "must be unambiguously proved," United States v. Wells Fargo Bank, 485 U.S. 351, 354, 108 S. Ct. 1179, 1182 (1988) (citations omitted), it does not necessarily follow that Mount Sinai is, as a matter of law, excluded from attempting to prove that its residents' services qualify for the student exemption.[3] The government's argument rests largely upon an inference drawn from the adoption and subsequent repeal of the separate intern exemption. As discussed, we do not find this inference, drawn from legislative history, persuasive given the clear import of the statute's text.

The government's attempt to look past the plain language of the statute in reliance on the legislative history violates a basic principle of statutory

---

[3] In fact, as interpreted by the United States Department of Treasury, Section 3121(b)(10) contemplates a case-by-case approach to determining whether particular services qualified for the student exemption. See 26 C.F.R. § 31.3121(b)(10)-2; see also Univ. of Chicago Hosps. v. United States, No. 05-C5120, 2006 WL 2631974, at *5 (N.D. Ill. Sept. 8, 2006) (analyzing Treasury Regulation 31.3121(b)(10)-2 and finding that the regulation requires "a case-by-case approach to determining whether particular services qualified for the student exemption").

interpretation. "[W]hen the statute's language is plain, the sole function of the courts–at least where the disposition required by the text is not absurd–is to enforce it according to its terms." Hartford Underwriters Inc. Co. v. Union Planters Bank, 530 U.S. 1, 6, 120 S. Ct. 1942, 1947 (2000) (citations and internal quotations omitted)). We will not review the legislative history of this statute to create an ambiguity where there is none. See Ratzlaf v. United States, 510 U.S. 135, 147-48, 114 S. Ct. 655, 662 (1994) ("[W]e do not resort to legislative history to cloud a statutory text that is clear.").

If Congress had wanted to make medical residents ineligible for the student exemption, it could have easily crafted a specific exclusion, as it did in 26 U.S.C. § 3121(b)(6)(B), which excludes medical and dental interns and residents employed by the United States from consideration of the federal employment FICA exemption,[4] and § 3121(d)(3), which imposes mandatory FICA taxation on commission drivers, full-time life insurance salesmen, home workers, and traveling salesmen. See CBS Inc. v. Primetime 24 Joint Venture, 245 F.3d 1217, 1228 (11th Cir. 2001) ("[I]f Congress really meant in § 1005(a)(2)(B)(iii) of the Improvement Act to grandfather only involuntary terminations resulting from court orders, then why did it say 'any termination'? Why not simply say 'any involuntary

---

[4] See United States v. Univ. Hosp., Inc., No. 1:05-CV-445, 2006 WL 2129816, at *6-7 (S.D. Ohio July 26, 2006) (discussing § 3121(b)(6) in relation to § 3121(b)(10)).

termination' or 'any termination resulting from court orders'?  It could have easily done so, but it did not."). "The language of the statute is entirely clear; and if that is not what Congress meant then Congress has made a mistake and Congress will have to correct it." See id. (citation omitted).

The government devotes a substantial portion of its brief to analyzing the student exemption's relation to the now-repealed intern exemption. The government notes that Congress repealed the FICA exemption for medical interns in 1965. It contends that repeal of the intern exemption evidences Congress's intent to bring all young doctors-in-training within the scope of Social Security coverage, and, hence, FICA taxation. The government asserts it would be highly incongruous for Congress to have repealed the intern exemption for those pursuing a one-year course of post-M.D. training, and yet continue to exempt the services of medical residents and fellows, who are pursuing several years of training after receiving their M.D. degrees.

The government's arguments with respect to the FICA scheme and the history of the separate intern exemption are unavailing. First, the government's reliance on St. Luke's, 333 F.2d at 161, and Congress's subsequent repeal of the intern exemption for the proposition that medical residents were not eligible for the student exemption is inapposite. St. Luke's never addressed the applicability of

9

the student exemption to medical residents; instead, the court analyzed whether medical residents qualified for the intern exemption, a distinct exemption then found in § 3121(b). The fact that Congress repealed the entirely separate intern exemption in 1965 is irrelevant to the question of whether residents may qualify for the student exemption under the plain language of the statute. Second, the district court's contention–that a plain reading of the student exemption would have rendered the intern exemption superfluous– ignores an important difference between the two exemptions. The student exemption relies, in part, on the identities of the employees and employers to define the scope of the exemption, whereas the intern exemption applied to a type of service. The intern exemption would have been superfluous only if an intern were <u>always</u> a "student" and a "hospital" were always a "school, college, or university." Although all interns may be students, not all hospitals are schools, colleges, or universities. As a result, interpreting the student exemption according to its plain language does not render the former intern exemption superfluous.

     We reject the government's assertion that courts should defer to a "bright-line" rule that medical residents can never be exempted from FICA taxation as students. See <u>Apfel</u>, 151 F.3d at 748; see also <u>Ctr. for Family Med. v. United States</u>, 456 F. Supp. 2d 1115 (D.S.D. 2006) (holding that medical residents

are not automatically ineligible for the student exemption); Mayo Found., 282 F. Supp. at 1018 (same).  Instead, a case-by-case analysis is necessary to determine whether a medical resident enrolled in a GMEP qualifies for a FICA tax exemption pursuant to the student exemption in § 3121(b)(10).  Specifically, § 3121(b)(10) requires a determination as to whether Mount Sinai qualifies as a "school, college, or university," and whether the Mount Sinai residents qualify as "student[s]."

## IV.  CONCLUSION

We hold that the district court erred in ruling that medical residents enrolled in graduate medical education programs are precluded, as a matter of law, from seeking to rely on the student exemption to FICA taxation in 26 U.S.C. § 3121(b)(10).  Accordingly, we **VACATE** the summary judgment and **REMAND** for further proceedings consistent with this opinion.