UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No.  05-11576-DPW

PARTNERS HEALTHCARE
SYSTEM, INC.,

        Defendant.
_____/

**REPLY OF DEFENDANT PARTNERS HEALTHCARE SYSTEM, INC. TO UNITED STATES' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Partners Healthcare System, Inc. ("Partners") submits this reply to the United States' "Response" filing dated July 29, 2008 (Doc. No. 43) (related to Partners' filing of a Notice of Supplemental Authority concerning the issuance of partial judgment in an analogous FICA tax case after reversal of a summary judgment order in *United States v. Mount Sinai Medical Center of Fla., Inc.*).  In its Response, the United States misrepresented the nature of the "first issue" pending before this Court on the government's motion for summary judgment.  Moreover, the United States has led the Court to believe that Partners has "conceded" the "first issue."  Thus, Partners is forced to correct the government and clarify the record.[1]

As the Court will recall, the United States wrongly assumed when it filed its Rule 56 motion that Partners was defending the government's erroneous refund suit by asserting that its stipends were "qualified scholarships" under 26 U.S.C. § 117 (hence, excludable from "gross income" under § 117(a) and thereby also excludable "wages" under § 3121(a)(20)).  After receipt of Partners' memorandum in opposition to summary judgment (Doc. No. 19), the United States admitted its mistake and announced that its "***issue one has been revised***."  (U.S. Reply Br.

---

[1] Partners attempted to have the United States amend its own filing (rather than file this Reply) but counsel has yet to respond to that request.

in Supp. of Mot. for Summ. J. (Doc. 22) at (iii)n.1 (emphasis added).)

Thus, it is surprising that the United States failed to accurately identify in its recent Response filing the actual first issue pending before the Court.  That first issue – which Partners in no way has "conceded" – can be summarized as follows:  whether the stipends paid to Partners' residents were non-compensatory scholarships or fellowship grants (as permitted under 26 U.S.C. § 3121(a) and defined in the regulations under 26 U.S.C. § 117), and thus *not* wages from employment subject to FICA tax.  (*See* Partners' Opp'n to Pl.'s Mot. for Summ. J. (Doc. No. 19) at 4-6.)

Dated: July 31, 2008                    Respectfully submitted,

/s/  Mark H. Churchill_____
CHRISTOPHER KLIEFOTH *(pro hac vice)*
MARK H. CHURCHILL (No. 652578, *pro hac vice*)
ERIC S. JOHNSON (*pro hac vice*)
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
Telephone: (202) 756-8000/Facsimile:  (202) 756-8087
E-Mail: ckliefoth@mwe.com, mchurchill@mwe.com,
         ejohnson@mwe.com

*Attorneys for Partners Healthcare System, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system on July 31, 2008, will be served electronically on the registered participants as identified on the Notice of Electronic Filing.

/s/__Mark H. Churchill _____
Mark H. Churchill

WDC99 1598756-1.057158.0039